388 P.2d 233

The PARK AND RECREATION COMMIS-SION of the State of Utah, a body politic, Plaintiff and Respondent,

v.

DEPARTMENT OF FINANCE of the State of Utah, Defendant and Appellant.

No. 10010.

Supreme Court of Utah.

Jan. 21, 1964.

2. State v. Kranendonk, 79 Utah 239, 9 P. 2d 176.

Frederick S. Prince, Jr., Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

A. Pratt Kesler, Atty. Gen., Richard L. Dewsnup, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a declaratory judgment that Chap. 152, Laws of Utah 1963 (Title 63-11-19A, as amended) authorized the state park recreation commission to purchase lands in Wasatch County in an amount not exceeding $1,323,648.57. Reversed with reservations.

The chapter mentioned is almost identical to its predecessor, Chapter 152 Laws of Utah 1961, except that the amount authorized for purchases was $150,000 without reference to the previous authorization, which was $1,173,648.57.

After the 1961 act, the State, through the Commission, purchased lands under the authority given, and committed the State's credit and good faith to the payment thereof. That is fait accompli, and any valid commitments made up until the effective date of the 1963 act, (which did not repeal, but simply amended the former) were and are binding obligations of the State and must be honored as having been created under valid legislation. The 1963 act in no way disturbs those commitments and obligations and we so hold.

**112**

As to the 1963 act it seems almost obvious that the legislature did not intend to emasculate the authority of the 1961 act to purchase land for over a million dollar aggregate purchase price, and it seems also almost obvious that it indulged error, in failing to note that the 1963 amount was meant to be an addition. The legislature has the prerogative of making mistakes, and it is not the judiciary to correct them if the language of the legislation is clear and unambiguous. The 1963 act certainly is clear and unambiguous, and it is for the legislature, not us, to rectify the latter's mistake, if there be one here. It is not inconceivable to conclude that the legislature figured that the parks commission had committed all of the amount authorized by the 1961 act, and that the 1963 legislation was presented only to supplement or augment the amount. We don't know for sure.

■ We have interpreted legislation to be valid where, because of an obvious clerical error, reference to one digit in a companion statute was wrong and where it was obvious what section of the statute was intended,—otherwise rendering the statute senseless, and clearly unreflective of the legislative intent.[1] Furthermore, we have said that where a statute is subject to more than one construction, we can interpret it to make sense, and sustain it.[2] But there is nothing unclear about $150,000. It appears to have been a figure intended as an additur to a previous figure, but it doesn't make anything senseless as would have been the case in Peay v. Board of Education had we not decided as we did there.

■ If the Park Commission attempted to commit the State to land purchases under the 1961 authority, after the effective date of the 1963 legislation, it did so ill-advisedly. If there were an uncommitted balance authorized by the 1961 act, it would be unavailable for purchase commitment now, in view of the 1963 act.

We take it, however, and so hold, that the $150,000 authorized in the 1963 act is available for purchase of land under its terms, but any amount not committed under the 1961 act prior to the effective date of the 1963 act, which the legislature may deem necessary to accomplish its purpose will have to be adjusted by the legislature itself, not us, at a regular or special session of that department of government.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

---

1. Peay v. Board of Education, 14 Utah 2d 63, 377 P.2d 490 (1962).

2. Western Beverage Co. of Provo, Utah v. Hansen, 98 Utah 332, 96 P.2d 1105 (1940).